UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 03-310

DARRYL BROWN                            SECTION: R

### ORDER AND REASONS

Before the Court is defendant Darryl Brown's opposed motion to terminate supervised release. For the following reasons, the Court DENIES defendant's motion.

I. **Background**

On March 17, 2004, Darryl Brown pleaded guilty to violations of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, and 18 U.S.C. § 1028(a)(7), identity theft. As part of his plea agreement, the Government dismissed other charges against him at sentencing, including a drug conspiracy count involving at least 50 grams of cocaine base (crack). The Government also agreed not to seek a sentencing enhancement based on defendant's earlier drug conviction. The Court sentenced Brown to a term of imprisonment of two concurrent 76 month periods, to be followed by five years of supervised release for the drug conspiracy count. Brown was released from prison and began his supervised release on October 8, 2008. After serving approximately three years and nine months

on supervised release, Brown filed the present motion for early termination of supervised release.

**II. Standard**

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

**III. Discussion**

In support of his motion, Brown asserts that he has fulfilled all of the conditions of his supervised release. He states that he completed drug programs in prison and at a halfway house and has passed all required drug tests.[1] Brown works as a

---

[1] R. Doc. 525 at 1.

pest control technician, having completed a certification course in pest management, and performs other tasks at Superior Green Lawns of Texas.[2] He also has maintained a stable residency with his wife and three youngest children, and he submits reports promptly.

The defendant has so far complied faithfully with the terms and conditions of his supervised release for almost four years. Further, his probation officer does not object to a termination of supervised release.[3] Nevertheless, the Court finds that a termination of Brown's supervised release is not warranted. Along with his conviction for identity theft, Brown was convicted of conspiracy to commit drug trafficking involving more than 500 grams of cocaine hydrochloride, for which the statutory sentencing range is between five and forty years. *See* 21 U.S.C. § 841(b)(1)(B). Brown's sentence of 76 months imprisonment was thus on the low end of the statutory sentencing range. Further, the Government dismissed a drug conspiracy count and did not file a multiple bill under 21 U.S.C. § 851 based on Brown's earlier drug conviction, which would have led to a 20 year minimum term of imprisonment, followed by at least 10 years of supervised release. *See* 21 U.S.C. § 841(b)(1)(A).

---

[2]   R. Doc. 525 at 1-2.

[3]   R. Doc. 527 at 4 n.1.

As the Government states in opposing Brown's motion, Brown has now been convicted of repeated felonies, and the offense for which he is on supervised release involved serious penalties. With the need for deterrence and for Brown's sentence to be comparable to those of other defendants convicted of similar offenses, the factors listed in 18 U.S.C. § 3553(a) weigh in favor of continued supervised release. Moreover, Brown has not argued that any particular hardship will result from its completion. *Cf. United States v. Landry*, No. 96-97, 1999 WL 605476, at *1-2 (E.D. La. Aug. 11, 1999) (citing defendant's inability to gain employment in his field while on probation as a reason for terminating supervised release). Although Brown's behavior over the past three years demonstrates that the termination of his supervised release will not likely lead to public safety concerns, the Court finds that Brown's supervised release should continue given the nature of his offense and the lower sentence that he received by virtue of his plea agreement. Should Brown's probation officer feel that the terms of Brown's supervised release are too stringent in light of his compliance, she may modify his reporting requirements accordingly. *See Jeanes*, 150 F.3d 484-85 (district court did not abdicate its responsibility or abuse its discretion by refusing to terminate supervised release based in part on probation officer's ability to weaken reporting requirements).

**IV. Conclusion**

Accordingly, Brown's motion to terminate supervised release is DENIED.

New Orleans, Louisiana, this 14th day of September, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE